UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────────────────────

HOLLY PARKS,

                                  Plaintiff,

                                                                                    Case # 20-CV-6384-FPG

v.

                                                                                    DECISION AND ORDER

LAURA SALTSMAN, et al.,

                                Defendants.
───────────────────────────────────────────────

       In June 2020, Plaintiff Holly Parks filed this civil-rights action as administrator of the estate of her daughter Heather Roselli, who died while living in a state-operated facility. *See* ECF No. 1. Plaintiff sued, among other defendants, Defendant Jasmine Hines, who worked at the facility as a "Direct Supervising Assistant Trainee." ECF No. 55 ¶ 18. On July 31, 2020, the Clerk of Court filed an entry of default against Hines after she failed to appear or answer the complaint. ECF Nos. 24, 27. Plaintiff has now filed a motion for default judgment against Hines. ECF No. 115. Hines did not file a response. For the reasons that follow, Plaintiff's motion is DENIED WITHOUT PREJUDICE.

       Federal Rule of Civil Procedure 55 sets forth the procedure for obtaining a default judgment. First, the plaintiff must have secured an entry of default from the clerk, which requires a showing, "by affidavit or otherwise," that the defendant "has failed to plead or otherwise defend" itself in the action. Fed. R Civ. P. 55(a). Once the plaintiff has obtained an entry of default, and if her claim against the defendant is not "for a sum certain," the plaintiff "must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(1)-(2). The clerk's entry of default does not automatically warrant entry of default judgment. *See Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 187 (2d Cir. 2015) (per curiam). Instead, "the court may, on [the plaintiff's] motion, enter a default judgment if

1

liability is established as a matter of law when the factual allegations of the complaint are taken as true." *Id.*   If liability is established, the Court must then determine the proper amount of damages, which requires evidentiary support.   *See id.* at 189 ("[A] party's default . . . is not considered an admission of damages." (quotation omitted)).

In the operative complaint, Plaintiff requested compensatory and punitive damages, as well as attorney's fees, costs, and interest.   *See* ECF No. 55 at 43.   The Court would therefore presume that Plaintiff would be seeking those kinds of relief on default judgment.   *See* Fed. R. Civ. P. 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings.").   In her motion, however, Plaintiff does not request, let alone demonstrate her entitlement to, any damages.   *See* ECF No. 115.   Her proposed order simply requests a "judgment against Defendant Jasmine Hines."   ECF No. 115-2 at 2.   Plaintiff appears to be seeking the judgment in part because she must resolve "[a]ll claims against all Defendants" in order to "recover under the Judgment embodying [Defendants Paul Stevens and Jennifer Wall's] Rule 68 Offer." ECF No. 115-3 at 5.

Seeking clarification, the Court directed Plaintiff to explain "what relief, if any, she is seeking against Defendant Hines in connection with" her motion.   ECF No. 131.   Plaintiff responded that she "is only asking that the Court enter a default judgment against Defendant Hines, as reflected in Plaintiff's Proposed Order of Default Judgment"—which, as noted, requests no particular relief.   ECF No. 132 at 1.   Plaintiff further explained that she has "not yet decided whether she will pursue enforcement of a default judgment against Defendant Hines by writ of execution pursuant to Rule 69, but nevertheless seeks to preserve her right to pursue enforcement at a later date if she so chooses, and would accordingly require an Order of Default Judgment from

2

the Court to do so." *Id.*; *see also* Fed. R. Civ. P. 69(a)(1) (providing that "[a] money judgment is enforced by a writ of execution").

While the Court understands Plaintiff's position—and her desire to quickly resolve the claims against Hines while leaving open future options for enforcement—it cannot issue a default judgment under these circumstances. "[A] default judgment cannot be entered until the amount of damages has been ascertained," *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 97 (2d Cir. 1993), and it is Plaintiff's burden to "prove damages to the court with reasonable certainty" on a motion for default judgment. *Bankers Standard Ins. Co. v. R.C. Complete Landscaping*, No.17-CV-4415, 2019 WL 2437160, at *2 (E.D.N.Y. Feb. 27, 2019). Consequently, because Plaintiff has not identified or proven the amount of damages to which she is entitled, her damages cannot be ascertained, and no default judgment can be entered. *See Henry v. Oluwole*, 799 F. App'x 87, 88 (2d Cir. 2020) (summary order) (noting that, where the district court had yet to decide "the issue of damages," its purported "order of default judgment" was in fact a "nonfinal interlocutory order[]").

For these reasons, Plaintiff's motion for default judgment (ECF No. 115) is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated:   April 20, 2023
         Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York